JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Christopher Howard

**DEFENDANTS**

Albert Einstein Medical Center

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury - Product Liability<br>367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 625 Drug Related Seizure of Property 21 USC 881<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent - Abbreviated New Drug Application<br>840 Trademark<br>880 Defend Trade Secrets Act of 2016 | 375 False Claims Act<br>376 Qui Tam (31 USC 3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit (15 USC 1681 or 1692)<br>485 Telephone Consumer Protection Act<br>490 Cable/Sat TV |
| **REAL PROPERTY**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | **CIVIL RIGHTS**<br>440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>445 Amer. w/Disabilities - Employment<br>[x] 446 Amer. w/Disabilities - Other<br>448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee - Conditions of Confinement | **LABOR**<br>710 Fair Labor Standards Act<br>720 Labor/Management Relations<br>740 Railway Labor Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration Actions | **SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS—Third Party 26 USC 7609 | 850 Securities/Commodities/ Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information Act<br>896 Arbitration<br>899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §2601 et seq.

Brief description of cause:
Violation of employment rights based disability

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1555-1 E. Mount Airy Ave., Philadelphia, PA 19150

Address of Defendant: _____ 5501 Old York Road Suite 124 Philadelphia, PA 19141

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✔]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✔]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✔]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✔]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____ Must sign here

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[✔] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
     *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ , counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____   _____ Sign here if applicable

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER HOWARD | : |
| 1555-1 E. Mount Airy Ave., | : |
| Philadelphia, PA 19150 | : |
|         Plaintiff, | : |
| | :     Civil Action No. |
|         v. | : |
| | : |
| ALBERT EINSTEIN MEDICAL CENTER | : |
| 5501 Old York Road Suite 124 | : |
| Philadelphia, PA 19141 | : |
|         Defendant. | : |

## COMPLAINT

1.       Plaintiff, Christopher Howard ("Howard") by and through his attorneys, the Law Office of Faye Riva Cohen, P.C., hereby brings this complaint against Albert Einstein Medical Center and its employees/managers/agents ("Einstein"), alleging that his rights pursuant to the Americans with Disabilities Act ("ADA"), and its 2008 amendments, and the Pennsylvania Human Relations Act ("PHRA") have been violated and avers as follows:

## PARTIES

2.       Howard is a thirty-eight (38) year old African American male with mental health disabilities who resides at 1555-1 E. Mount Airy Ave., Philadelphia, PA 19150.

3.       Einstein, which is located at 5501 Old York Road, Suite 124, Philadelphia, PA 19141, is an entity engaged in an industry or activity affecting commerce which employed 15 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year.

## JURISDICTION

4.       Howard incorporates the proceeding paragraphs as set if set forth fully at length herein.

5.       Subject-matter jurisdiction is conferred upon this Honorable Court by 28 U.S.C.§1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce," 28 U.S.C.§1343(4), and 28 U.S.C.§1331, under the Americans with Disability Act and its Amendments (ADA and or ADAAA), 42 U.S.C. §12101 *et seq.* Additionally, pursuant to 28 U.S.C.§1367, this Court has supplemental jurisdiction to hear all of Howard's claims arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 *et seq.*

6.     This Court may properly maintain personal jurisdiction over Einstein because Einstein's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Einstein to comply with the traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7.     Venue is appropriately laid in the United States District Court for the Eastern District of Pennsylvania inasmuch as all parties regularly conduct business within this District and the acts complained of by Howard arose herein.

8.     Howard dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on June 16, 2020. The EEOC issued a Right to Sue on November 10, 2020 at the request of Mr. Howard. This Complaint is being filed within ninety (90) days of Howard's receipt of the Right to Sue.

## UNDERLYING FACTS

9.     Howard incorporates the preceding paragraphs as if set forth more fully at length herein.

10.    Howard is a disabled individual who has been diagnosed with learning disabilities since Kindergarten. Howard appears to have difficulty processing information, and can be easily confused, especially in stressful situations. He struggles with formulating words and organizing thoughts, and is sometimes easily persuaded when he does not fully understand what is happening.

11.    Howard resides with his mother, Phyllis Howard ("Ms. Howard") who has assisted in building him into a mostly self-sufficient and contributing member of society, to the extent his limitations permit.

12.    In January 2001, Howard was hired as a Supply Technician in the Storeroom Materials Department at Einstein's Broad and Olney campus located at 5501 Old York Road Philadelphia, PA 19141. He served in this role for over eighteen (18) years.

13.    Einstein has been aware of Howard's disability since the approximate time of his hiring. Howard and his mother Ms. Howard have had a longstanding professional relationship with Einstein; Ms. Howard has operated a gift shop within Einstein's building for over thirty-one (31) years. Howard was known to many of Einstein's employees since he was seven (7) years old, as he frequently spent time in the gift shop and assisted his mother. Einstein approached Howard for an employment position after several employees observed how hard he worked when volunteering at his mother's shop over the years.

14.    While employed as a Supply Technician, Howard was known at Einstein for his

2

respectful manners and professionalism. He always received positive feedback from his
supervisor, Christina Dean ("Ms. Dean"), who understood that with repetition
and guidance, Howard was able to provide exceptional work performance. Ms. Dean had
become aware of Howard's struggles early in his employment, especially when it came to
learning new and unfamiliar tasks.

15.     On or about August 9, 2019, Howard entered the Neonatal Intensive Care Unit
("NICU") in order to stock bins in its utility room – a task that he had performed on a
regular basis over the previous eighteen (18) years.

16.     As usual, Howard used a tourniquet to tie the utility room door open because the
room's small size made it difficult to complete the stocking task.

17.     Shortly after Howard entered the utility room, a woman entered while talking on
her cell phone. While Howard recognized her as an employee of Einstein, he did not
know her name, nor had he had any previous interaction with her. He did not recall
anything unusual about this incident, although he did have to ask this woman to move out
of the way so that he could continue to stock bins due to the smallness of the room.
Howard then completed his tasks without issue.

18.     On August 12, 2019, Joanne Woern ("Ms. Woern"), Director of the Storeroom
Materials Department at Einstein, scheduled a meeting with Howard and Ms. Dean. At
that meeting, Ms. Woern told Howard that the woman who had entered the NICU utility
room a few days earlier, who Howard learned was a newly hired Health Unit
Coordinator, named Kasjae Wilson ("Wilson"), claimed that Howard inappropriately
touched her in the NICU utility room.

19.     In this meeting, Ms. Woern did not initially explain to Howard the allegations
against him; rather, Ms. Woern simply began asking Howard questions about his
whereabouts on August 9, 2019, without first explaining to Howard that he was being
accused of sexual harassment. Howard had difficulty understanding Ms. Woern's
questions and what he was allegedly accused of doing, due partly to his developmental
disabilities.

20.     Following the August 12, 2019 meeting, Ms. Woern told Howard that he would
be suspended while Einstein investigated the complaint against him.

21.     On or about August 21, 2019, Howard was terminated for this incident.

22.     On August 28, 2019 Howard filed an Employee Grievance in which he contested
his termination and asked to be reinstated to his position. He explained that Ms. Wilson's
allegations were false, and that he did not recall having any sort of physical contact with
her. Howard also explained that he was confused by Ms. Woern's line of questioning
during the meeting on August 12.

3

23. Howard appeared at the aforesaid grievance hearing on September 4, 2019. The hearing was attended by Ms. Woern, and two HR representatives: Carla Pasquali, and Loren Margot. Howard was told that he could not have a legal representative present at this hearing. His mother, Ms. Howard, sought to accompany her son to the hearing but was informed by company sources that other individuals could not accompany employees at grievance hearings. Due to his disability and its impact on Howard in stressful situations, Howard was nervous, and overwhelmed throughout the hearing. While he is capable of performing repetitive tasks that he is comfortable with well, strange and stressful situations that take him out of his comfort zone, such as this hearing process, are overwhelming for him.

24. Einstein's Employee Relations Department denied Howard's grievance, with the reasoning being that Ms. Wilson sounded more credible. Howard was instructed on how to appeal the decision if he wanted.

25. On October 21, 2019, Howard appealed this denial which resulted in a meeting with Craig Sieving ("Mr. Sieving"), Vice President of Facilities. Howard's appeal was again denied and Howard was left with no further procedural avenues. Howard and Mr. Sieving were the only individuals present at this meeting.

26. According to Mr. Sieving, Howard's appeal was denied because Howard was unable to explain why Ms. Wilson would make a false allegation. It is unclear why Howard would be asked to explain the actions of another person, or why Einstein would hold Howard responsible for his inability to do so.

27. Howard believes that Einstein's articulated reason for his termination of employment is pretextual, and that Einstein actually terminated his employment because of Howard's disability.

28. Although the allegations against Howard were essentially a "she said, he said" situation, Einstein credited Ms. Wilson's allegations over Howard's denial of the allegations, treated Howard in an inequitable manner during the investigative process, and did not take into consideration Howard's developmental disabilities which make it difficult for him to express himself appropriately.

29. Einstein did not consider alternative options for Howard prior to his termination, such as a medical evaluation or harassment training, especially in consideration of Howard's disabilities and long career with Einstein; instead, Einstein rushed to judgment and simply terminated him. At the time, the news and social media were highlighting sexual harassment complaints, and in this anti-male environment the "investigation" was unfairly skewed against Howard. Throughout the entirety of this process, Howard has been consistent in his denial of any wrongdoing.

30. Howard has been devastated since his termination. While he is a hard worker, his disabilities make it difficult for him time to learn how to do new and unfamiliar tasks. He

4

performed this one job at Einstein for his entire adult life and has had significant
difficulties accepting the fact he cannot go back to work in this capacity. Howard's
mental health began to deteriorate after his termination, resulting in his mother placing
him in therapy which he attends on a regular basis. Howard has yet to secure a new
employment opportunity, which has also created a significant financial impact on his life.

## COUNT I – DISABILITY VIOLATION of the AMERICANS WITH DISABILITIES ACTS, 42 U.S.C. § 12101 *et seq*

31. Howard incorporates all the above paragraphs as if set forth at length herein.

32. Howard is in individual with a disability who was capable of performing his job
duties.

33. Howard was accused of sexual harassment by a new employee whom he did not
know, which he repeatedly denied.

34. Howard was ushered through the procedural process to determine wrongdoing
with no representation and no initial understanding of the allegations being made against
him, despite Einstein being aware that he has developmental disabilities and would have
difficulty understanding the situation and defending himself.

35. Howard was then terminated based on a "he said" "she said" allegation, without
first being provided a medical evaluation, harassment training, or another form of
disciplinary action.

36. Einstein's actions cased Howard to lose his job of 18 years, and significantly
impacted his mental health and finances.

37. For these reasons, Howard alleges that Einstein violated the Americans with
Disability Act ("ADA") by subjecting him to discrimination and terminating his
employment on the basis of his actual and/or perceived disability and/or record of
impairment.

38. Howard prays that Einstein be required to provide all appropriate remedies under
the ADA.

## COUNT II- DISCRIMINATION VIOLATION of the PENNSLYVANIA HUMAN RELATIONS ACT 43 P.S. 951 et seq.

39. Howard incorporates all the above paragraphs as if set forth at length herein.

40. Howard is in individual with a disability who was capable of performing his job
duties.

5

41.    Howard was accused of sexual harassment, which he consistently denied.

42.    Howard was then subjected to a procedural and investigative process that did not take into account his developmental disabilities, and terminated based on unfair reasoning.

43.    Einstein violated the PHRA by subjecting Howard to discrimination on the basis of his actual and/or perceived disabilities and/or records of impairment.

44.    Einstein's actions caused Howard to lose his job of 18 years, and significantly impacted his mental health and finances.

45.    Howard prays that Einstein be required to provide all appropriate remedies available under the PHRA.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Howard requests that this Honorable Court enter a judgment in his favor against Einstein and order that:

- Einstein reimburse Howard for the salary he has forgone as a result of his termination;
- Einstein pay Howard damages for emotional distress, mental anguish, inconvenience, loss of enjoyment and life, pain and humiliation, and other non-pecuniary losses as allowable;
- Einstein pay Howard statutory, compensatory, liquidated, and punitive damages to the extent permitted by law;
- Einstein pay Howards' costs of suit, attorney's fees, expert fees if incurred in this matter, fess incurred during Einstein's administrative process, and interest as permitted by law;
- Einstein provide all other relief permitted by law;
- Einstein provide any additional relief to Howard which this Honorable Court deems appropriate.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

Respectfully submitted,

FAYE RIVA COHEN, ESQUIRE
LAW OFFICE OF FAYE RIVA COHEN, P. C.
2047 Locust Street
Philadelphia, PA 19103
(215) 563-7776
Attorney for Plaintiff

Date: 2/8/21

7

## **VERIFICATION**

I, Christopher Howard, hereby verify that I am the Plaintiff in the within Complaint and that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements are made to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Christopher Howard

Date: 2/8/21

8